UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANKRUPTCY ESTATE OF CHIEN HWA LEACHMAN, AKA CHIEN HWA WANG, CHIEN HWA WANG-LEACHMAN by ARTHUR BRUNWASSER, Authorized Agent,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHELLE HARRIS, STEVEN STOLTZ DBA STOLTZ FAMILY LAW PRACTICE, DOES 1 THROUGH 20, INCLUSIVE,<br><br>    Defendants.<br>_____/ | No. C-12-4072 EMC<br><br><br><br>**ORDER** |

TO ALL PARTIES AND COUNSEL OF RECORD:

    The Court is in receipt of the parties' briefs regarding Defendants' motion to dismiss, scheduled for hearing on December 14, 2012 at 2:30pm. Having reviewed the briefs, the Court requests the parties be prepared to discuss at the hearing whether the ability of the court or trustee to appoint a non-disinterested representative (such as a creditor) on behalf of the estate in a Chapter 7 context is limited to avoidance actions or extends to other third-party suits such as the action in the instant case. *See* 11 U.S.C. § 327(a) (requiring any such representative be "disinterested"); *In re Parmetex, Inc.*, 199 F.3d 1029, 1031 (9th Cir. 1999) ("Although Defendants are correct that a trustee must generally file an avoidance action under Chapter 7, we hold that under these particular circumstances-where the trustee stipulated that the Creditors could sue on his behalf and the bankruptcy court approved that stipulation-the Creditors had standing to bring the suit."); *Estate of*

*Spirtos v. One San Bernardino County Super. Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006) (holding that the plaintiff "as a creditor of the estate who did not receive authorization to sue from the trustee, lacks standing to assert a RICO claim on behalf of the estate," thereby implying that, had she received such authorization, she would have had standing).

The parties should also be prepared to discuss whether Arthur Brunwasser has a potential conflict of interest in this litigation given his representation of Chien Hwa Leachman prior to the involvement of Defendant the Stoltz Family Law Practice and the fact that Defendants allege that the sanctions that are at the heart of Plaintiff's legal malpractice claim resulted from conduct that occurred during Mr. Brunwasser's representation of Ms. Leachman. *See* Defs.' Mot. to Dismiss, Docket No. 10, at 4:26-6:10.

Dated: December 13, 2012

_____
EDWARD M. CHEN
United States District Judge

2