UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANKRUPTCY ESTATE OF CHIEN HWA LEACHMAN, AKA CHIEN HWA WANG, CHIEN HWA WANG-LEACHMAN by ARTHUR BRUNWASSER, Authorized Agent,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHELLE HARRIS, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-12-4072 EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket No. 10)** |

## I. INTRODUCTION

Defendants Michelle Harris and Steven Stoltz, doing business as the Stoltz Family Law Practice, bring this motion to dismiss the legal malpractice complaint filed by Arthur Brunwasser as an "Authorized Agent" on behalf of Plaintiff the Bankruptcy Estate of Chien Hwa Leachman, a.k.a. Chien Hwa Wang or Chien Hwa Wang-Leachman (the "Bankruptcy Estate"). Docket No. 10. Defendants urge the Court to dismiss the complaint because (1) Mr. Brunwasser, as a creditor to the Bankruptcy Estate, may not pursue a claim on its behalf; (2) Defendants are unable to adequately defend themselves, as their defense would require the use of privileged attorney-client communications for which their client, Ms. Leachman, has not waived her privilege; and (3) the statute of limitations bars this action. The Court need not reach Defendants' attorney-client privilege or statute of limitations arguments, as Mr. Brunwasser is an interested party who may not

under applicable law bring this claim on behalf of the Bankruptcy Estate. Thus, the Court **GRANTS** Defendants' motion to dismiss.

## II.　FACTUAL AND PROCEDURAL BACKGROUND

This case stems from a divorce and related proceedings stretching back over six years. On September 12, 2006, Ms. Leachman, represented at the time by Edward Hung, filed a response to a request for dissolution of marriage in Alameda County Superior Court Case No. RF06275680. *See* RJN, Docket No. 11, Ex. A.[1] On January 25, 2007 Ms. Leachman filed a substitution of attorney form substituting Arthur Brunwasser for Mr. Hung. *See* RJN, Docket No. 11, Ex. B. On March 18, 2009, Ms. Leachman substituted Defendants Harris and Stoltz for Mr. Brunwasser as her attorneys in the Leachman family law marital dissolution case, which representation continues to the present. Compl., Docket No. 1, ¶ 5; RJN, Docket No. 11, Ex. C. During the course of their representation of Ms. Leachman, Defendants allegedly provided negligent or deficient legal services constituting malpractice in several respects, including:

>    A.　On or about April 30, 2009, defendants advised Leachman to voluntarily stipulate to an order adjudicating $100,000 earned by Leachman's husband as "recycling fees" as the husband's separate property, despite the fact that those recycling fees were generated by the husband's personal services prior to the legal separation of husband and wife, and therefore constituted community property under the California Family Code, to Leachman's damage in the sum of Fifty Thousand ($50,000) Dollars;
>
>    B.　On or about August 11, 2009, Leachman's husband filed a motion for "sanctions" under California Family Code § 271, where it was alleged that the litigation tactics of Leachman and her former attorney frustrated the policy of the law to promote settlement and to reduce the cost of litigation by encouraging cooperation between the parties and their attorneys. Defendants did not conduct research or investigation to defend that motion and offered no defense, and as a result, the motion was essentially unopposed and the superior court

---

[1] Defendants request judicial notice of fifteen documents filed in Ms. Leachman's family law case, her fee dispute with Mr. Brunwasser, and her bankruptcy action. *See* RJN, Docket No. 11, Exs. A-O. In ruling on a 12(b)(6) motion, a court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). However, it may not take judicial notice of disputed facts within public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). "[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Id.* at 690 (internal quotation marks and citation omitted). Thus, the Court takes judicial notice of these documents, but not for the truth of any facts recited therein.

> entered its Statement of Decision on January 25, 2010, imposing monetary sanctions of $150,000.00 against Leachman, to her damage in that sum.
>
> C.     During the course of the family law proceeding, Leachman's husband and his attorney violated California Family Code § 271 by engaging in litigation tactics which unreasonably increased the cost of litigation, interfered with settlement and damaged Leachman in the sum of at least $400,000.00, but defendants failed to pursue this claim against Leachman's husband.

*Id.* ¶ 6.

Mr. Brunwasser obtained a judgment of $163,502, with interest, against Ms. Leachman on May 31, 2011 for unpaid attorneys' fees. RJN, Docket No. 11, Exs. D, E. Ms. Leachman filed a voluntary petition under Chapter 7 of the Bankruptcy Act on June 2, 2011, which resulted in the Bankruptcy Estate succeeding to all Ms. Leachman's property, including her legal claims. *See id.* ¶ 1; RJN, Docket No. 11, Ex. F. In the schedules submitted in her bankruptcy claim, Ms. Leachman lists Mr. Brunwasser as an unsecured creditor based on the May 31, 2011 judgment and related costs. RJN, Docket No. 11, Ex. G, Schedule F.

On March 15, 2012, the Trustee for Ms. Leachman's Bankruptcy Estate moved to abandon any malpractice claims against Michelle Harris and the Stoltz Family Law Practice. *See* RJN, Docket No. 11, Ex. I. On April 24, 2012, the Bankruptcy Court denied this motion and appointed Arthur Brunwasser as agent of the Bankruptcy Estate for the purpose of prosecuting claims against Harris and the Stoltz Family Law Practice on behalf of, and for the benefit of, the Bankruptcy Estate. *See* Compl. ¶ 1; RJN Ex. J.

Plaintiff the Bankruptcy Estate subsequently filed its complaint for legal malpractice in this Court on August 2, 2012 against Defendants Michelle Harris and Steven Stoltz doing business as the Stoltz Family Law Practice. *See* Compl., Docket No. 1.

## III.     DISCUSSION

A.     Legal Standard

Under Federal Rules of Civil Procedure, Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See*

3

*Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.  <u>Standing to Bring Suit on Behalf of Estate</u>

Defendants correctly contest that Mr. Brunwasser, as a creditor to the Bankruptcy Estate, may not assert a legal malpractice claim on behalf of the estate as creditors may not bring suit on behalf of a bankruptcy estate except for in the limited situation of an avoidance action, which exception does not apply here; the bankruptcy court does not have authority to grant such standing to a creditor to prosecute the instant action in contravention of the bankruptcy code.

1.  <u>Exclusive Statutory Authority to Sue</u>

In a bankruptcy proceeding, the bankruptcy trustee has an obligation to collect and reduce to money the property of the estate, including the debtor's causes of action. *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005). "[T]he bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate." *Estate of Spirtos v. One San Bernardino County Super. Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006). A trustee "may not be the representative of any particular creditor, but must represent all creditors without partiality." *In re AFI Holding, Inc.*, 530 F.3d 832, 844 (9th Cir. 2008) (internal quotation marks and citation omitted). Thus, a trustee must be "an independent person with no prior connection to either the debtor or the creditors." *Id.* at 845 (internal quotation marks and citation omitted).

4

A trustee may, "with the court's approval, . . . employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties . . . ." 11 U.S.C. § 327(a). A creditor is *not* a "disinterested person" within the meaning of the bankruptcy code. 11 U.S.C. § 101.

As a creditor, Mr. Brunwasser is neither "an independent person with no prior connection to either the debtor or the creditors" nor a "disinterested person[]," and therefore clearly could not serve as a trustee or an employee of the Bankruptcy Estate in bringing this litigation. *See In re AFI Holding, Inc.*, 530 F.3d at 844-45 ; 11 U.S.C. § 327(a). Plaintiff has not cited any other statutory basis under which Mr. Brunwasser, as a creditor of the Estate and thus not a "disinterested person" under § 101, could act on behalf of the bankruptcy estate.

Plaintiff cites *In re Milford Group, Inc.*, 164 B.R. 899 (Bankr. M.D. Penn. 1993), in which the court permitted a creditor's attorney to represent the bankruptcy estate, for the proposition that interested persons *may* represent the bankruptcy estate unless there is an actual conflict of interest. *See* Pl.'s Opp'n, Docket No. 22, at 7. However, *In re Milford Group* simply exemplifies one of the exceptions carved out in 11 U.S.C. § 327, which specifically provides that a "a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." While there is an exception for a creditor's attorney, there is no similar exception for those who are not "disinterested persons" (such as the creditors themselves) who are expressly prohibited from representing a bankruptcy estate under the plain meaning of 11 U.S.C. § 327.

2. <u>Implied or Equitable Reason to Grant Standing</u>

Plaintiff here argues that Mr. Brunwasser is acting as the "agent" of the Bankruptcy Estate, not as a trustee or an employee, and thus does not fall within the bankruptcy code's prohibition against interested parties serving as a trustee or employee of a trustee. However, Plaintiff does not identify any statutory exception to the exclusive authority delegated trustees to bring suit under which Mr. Brunwasser may proceed. As noted above, no statutory provision authorizes an interested party to act as an agent of the Trustee.

5

To be sure, the Ninth Circuit has recognized one exception to a trustee's exclusive right to sue on behalf of the bankruptcy estate; this exception arises when the Trustee appoints a representative to prosecute an avoidance action on behalf of the bankruptcy estate. *See In re Parmetex, Inc.*, 199 F.3d 1029, 1031 (9th Cir. 1999) (Chapter 7 avoidance); *see also In re Curry & Sorensen, Inc.*, 57 B.R. 824 (B.A.P. 9th Cir. 1986) (Chapter 11 avoidance).[2] This unique power stems from implied authority granted under Chapter 11 of the old Bankruptcy Act, as was recognized in *Matter of Monsour Medical Center*, 5 B.R. 715, 717-18 (Bankr. W.D. Pa. 1980). In recognizing this authority under the legal regime of the current bankruptcy code, the court in *Matter of Monsour* limited its finding allowing creditors to prosecute on behalf of the estate to avoidance actions:

> The Court holds that a creditors' committee's implied authority to sue to avoid a preference or fraudulent transfer continues under the Code. This form of creditor protection is particularly effective in cases where the creditors' allegation is limited to one specific abuse of discretion. In such cases the remedy of the appointment of a trustee, as discussed below, may be too harsh.

5 B.R. at 718. There is no similarly recognized implied authority to appoint a creditor to pursue other kinds of third-party claims on behalf of the bankruptcy estate in a Chapter 7 context. Thus, here there is no basis for granting Mr. Brunwasser standing to bring this claim on behalf of the Bankruptcy Estate.

The one case cited by the parties, *Office of Statewide Health Planning and Development v. Musick, Peeler & Garrett*, 76 Cal. App. 4th 830, 834-35 (1999), held that such a representative *could* bring a legal malpractice claim on behalf of the estate, but *only* pursuant to a Chapter 11 reorganization plan and not pursuant to a Chapter 7 bankruptcy proceeding. Plaintiff has not pointed to any federal authority similarly recognizing the authority of representatives to bring non-avoidance actions pursuant to a Chapter 11 reorganization plan, much less any authority recognizing such a right in the Chapter 7 context.

---

[2] The parties invoke a number of California cases addressing assignment of legal malpractice claims. This case, however, does not involve an assignment, in which case the assignee would directly recoup proceeds of the litigation, but rather involves the delegation to a representative to sue on behalf of the bankruptcy estate, in which case the bankruptcy estate stands to recoup the proceeds of the litigation.

The case cited by Plaintiff for the proposition that a bankruptcy estate may prosecute its claims through "a duly authorized representative of the estate," *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 709 (9th Cir. 1986), does not contain this quote or even address this issue, but rather is directed towards a trustee's inability to abandon claims without notice to creditors. Here, the trustee's abandonment of claims is not at issue, as the bankruptcy court denied the trustee's motion to abandon the claim against Defendants. *See* RJN, Docket No. 11, Ex. J.

The instant case presents a compelling equitable rationale for denying standing to a creditor to prosecute the third party claim at stake here. Defendants argue that liability for malpractice lies, at least in part, with Mr. Brunwasser, not Defendants. *See* Defs.' Mot. at 6:2-10. The record shows that Mr. Brunwasser represented Ms. Leachman from around January 2007 to around March 2009. RJN Exs. B, C. A January 2010 order in Ms. Leachman's family law case imposed $150,000 in sanctions for unreasonable conduct, specifically referring to conduct that took place while Mr. Brunwasser represented Ms. Leachman, such as when, "on November 25, 2008 [Ms. Leachman] filed a motion to once again take a look at support," which motion was "totally unnecessary and denied." RJN Ex. O at 11. Plaintiff specifically cites this award of sanctions as a reason for holding *Defendants*, not Mr. Brunwasser, liable for legal malpractice. *See* Compl., Docket No. 1 ¶ 6B. Thus, the legal malpractice claim may well result in a cross-claim for indemnity against Mr. Brunwasser in his capacity as the former lawyer in the family law case; this would create a direct conflict of interest between him and the Bankruptcy Estate on whose behalf he is prosecuting the malpractice claim.

C.  <u>Bankruptcy Court's Authority to Appoint Representative</u>

Lacking any authority permitting a creditor to prosecute a third party claim for malpractice on behalf of the Estate, Plaintiff argued at the hearing in this matter that there is authority within the bankruptcy court's power under 11 U.S.C. §§ 105(a) and 28 U.S.C. § 1334(b) to issue any order necessary to effectuate the objectives of the bankruptcy proceeding, including, as here, the appointment of a creditor to represent the Bankruptcy Estate in litigation. Plaintiff's argument is directly contradicted by authority addressing this question.

11 U.S.C. § 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." However, courts have repeatedly recognized limitations to a bankruptcy court's powers under § 105(a). "[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988). For example, in *In re M-H Group, Inc.*, 139 B.R. 836, 840 (Bankr. N.D. Oh. 1991), the court determined that, notwithstanding § 105(a), it could not permit a law firm that was not a disinterested person to represent the debtors, as such representation would be in contravention of 11 U.S.C. § 327. *See also In re Siliconix, Inc.*, 135 B.R. 378, 379 (N.D. Cal. 1991) ("[t]he clear language of the statutes involved proscribes employment of creditors"); *In re Weibel, Inc.*, 161 B.R. 479, 483 (Bankr. N.D. Cal. 1993) ("this Court is not free to read 11 U.S.C. § 327(a) liberally"). "[T]he court cannot approve the employment of a person who is not disinterested, even if the person does not have an adverse interest." *In re Middleton Arms, Ltd. Partnership*, 934 F.2d 723, 725 (6th Cir. 1991).

28 U.S.C. § 1334(b) is a jurisdictional statute that does not address the equitable powers of a bankruptcy court. *Celotex Corp. v. Edwards*, 514 U.S. 300, 303, 307-08 (1995), which Plaintiff has urged the Court to follow, deals with a bankruptcy court's *jurisdiction* pursuant to 28 U.S.C. § 1334(b) to issue an order under 11 U.S.C. § 105(a), not the extent of its equitable powers under 11 U.S.C. § 105(a) to take action in contravention of specific provisions of the Bankruptcy Code. Even in its analysis of jurisdiction, the Supreme Court recognized "that a bankruptcy court's 'related to' jurisdiction cannot be limitless." *Id.* For example, "[t]he jurisdiction of bankruptcy courts may extend more broadly in [a reorganization under Chapter 11] than in [a liquidation under Chapter 7]." *Id.* at 309.

Thus, the Bankruptcy Court did not have the statutory or implied authority to confer standing upon Mr. Brunwasser, an interested creditor, to bring suit on behalf of the Bankruptcy Estate to prosecute a malpractice suit where such authority contravenes express limitations in the Bankruptcy Code and falls outside of any established implied exception.

///

///

## IV. <u>CONCLUSION</u>

Accordingly, the Court **GRANTS** Defendants' motion to dismiss the complaint.

This order disposes of Docket No. 10.

IT IS SO ORDERED.

Dated: February 1, 2013

_____
EDWARD M. CHEN
United States District Judge